UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES KIRSCHKE,

        Plaintiff,

v.

CORIZON HEALTH
INCORPORATED, *et al.*,

        Defendants.
_____/

Case No. 4:19-cv-13788
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

**INITIAL SCHEDULING ORDER, ORDER REGARDING STATUS CONFERENCE, AND ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND (ECF No. 51), DENYING AS MOOT PLAINTIFF'S MOTION FOR AN ORDER (ECF No. 53) AND MOTIONS FOR EXTENSION (ECF No. 60, 63, & 73), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT AND COUNSEL (ECF No. 55), AND DENYING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING THE CLERK'S OFFICE TO COLLATE THE COMPLAINT (ECF No. 57), BUT DIRECTING THE CLERK'S OFFICE TO SEND PLAINTIFF A COPY OF ECF No. 1 WHICH HE MAY THEN MAIL BACK IN THE CORRECT ORDER**

This matter came before the Court for a status conference and for consideration of Plaintiff's motion to extend (ECF No. 51), motion for an order (ECF No. 53), motion for appointment of an expert and counsel (ECF No. 55), motion for an order directing the Clerk's Office to collate the complaint (ECF No. 57), and third, fourth, and fifth motions for extension of time (ECF Nos. 60, 63, & 73).  Judge Davis referred the case to me for all pretrial matters.  (ECF No. 39.)  A

joint status conference and hearing on the motion was held via Zoom on May 27, 2022, at which Plaintiff and counsel for Defendants appeared and the Court entertained oral argument regarding the motions.

In an effort to complete service, the Court **ORDERS** that, by **Monday, June 13, 2022,** the Michigan Department of Corrections (MDOC) either conduct a search of the Lapeer County Probate Court to determine whether a personal representative exists for Defendant Deborah Smith's estate[1] and, if so, provide that individual's name and address to the United States Marshal Service (USMS) under seal, or advise the Court in writing why it believes the deadline for service of a personal representative after suggestion of death has passed. If the MDOC is unable, through modest efforts, to identify and locate a personal representative, it should so inform Plaintiff and the Court in writing, and Plaintiff **MAY** at any time make his own efforts to identify such an individual by **Monday, June 27, 2022**, or the Undersigned will recommend dismissal of Defendant Smith as not servable. Further, the Court **ORDERS** that Plaintiff identify in writing the John and Jane Does listed as Defendants in his complaint and provide current and accurate addresses for service of each by **Friday, July 29, 2022**, or the Undersigned will recommend dismissal of those Defendants. Plaintiff may serve formal

---

[1] A suggestion of death for Defendant Smith was filed on January 25, 2022. (ECF No. 59.)

2

interrogatories upon Defendants in accordance with the Federal Rules of Civil Procedure to aid in his identification efforts.

Additionally, upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>: Plaintiff's initial motion to extend (ECF No. 51) is **GRANTED** subject to the deadlines established above; Plaintiff's motion for an order (ECF No. 53) and third, fourth, and fifth motions for extension of time (ECF Nos. 60, 63, & 73) are **DENIED AS MOOT**; Plaintiff's motion for an order directing the Clerk's Office to collate the complaint (ECF No. 57) is **DENIED**, but the Clerk's Office is **DIRECTED** to send Plaintiff a copy of ECF No. 1, with CM/ECF header removed, which he may then mail back in the correct sequence, referencing this order and its docket number (ECF No. 78) in a cover letter to explain to the intake personnel at the Clerk's Office why that is being done; and Plaintiff's motion for appointment of an expert and counsel (ECF No. 55) is **DENIED WITHOUT PREJUDICE** to Plaintiff re-filing the motion in the event Defendants do not retain and name an expert by the **October 3, 2022** deadline established herein (regarding the request to appoint expert) or the case survives dispositive motion practice (regarding the request to recruit pro bono counsel).

Finally, the Court establishes the following schedule in accordance with Fed. R. Civ. P. 16(b)[2]:

| YOU MAY RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| **EVENT/ITEM** | **DEADLINE** |
| Plaintiff's Identification of John and Jane Doe Defendants | **Friday, July 29, 2022** |
| Discovery Cut-off (completion) | **Thursday, January 26, 2023** |
| Witness Lists (including identifying and designating all experts under Fed. R. Civ. P. 26(a)(2)(A)) | **Monday, October 3, 2022** |
| Deadline for dispositive motions averring a failure to exhaust administrative remedies, raising the defense of qualified immunity, or for dismissal under Rule 12 | **Wednesday, October 19, 2022** |
| Deadline for all other motions for summary judgment under Fed. R. Civ. P. 56, if any | **Tuesday, February 28, 2023** |
| Expert Disclosures under Fed. R. Civ. P. 26(a)(2)(B) & (C) | **Per Fed. R. Civ. P. 26(a)(2)** |
| Final Pretrial Conference | To be determined |
| Trial | To be determined |

The parties are also advised of the following:

    I.    All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

    II.    Computation of time under this order and under any notice of any

---

[2] This case is exempt from Federal Rule of Civil Procedure initial disclosures and discovery conference requirements set forth in Rules 26(a)(1) and 26(f). *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and 26(f)(1).

        scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

III.    DISCOVERY.  Discovery must be *completed* by the discovery cut-off date, after which, this Court will not order discovery to take place. All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery.  Parties may agree to extend the deadlines by submitting a joint motion with a proposed order to the Court for consideration. The extension should not affect the other scheduled dates.

IV.    DISPOSITIVE MOTIONS.  No party may file more than one motion for summary judgment without obtaining leave of court.

        In motions filed under Rule 56, the moving party shall serve and file: 1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1.  The motion must begin with a "Statement of Material Facts" consisting of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment.  Proffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Citations should contain page and line references, as appropriate.[3]

        The full text of any source cited should be filed with the Court in a Fact Appendix.  The Fact Appendix shall contain an index, followed by the tabbed exhibits.  Chambers' copies of Fact Appendices of more than 20 pages must be separately bound and include a cover

---

[3] Examples of movant's separate material factual statements:

1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005. (DE 34-7 at 10.)

25. ABC Corp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness. (DE 34-9 at 32.)

sheet identifying the motion to which they are appended. All pages from the same deposition or document should be at the same tab. The Statement of Material Facts counts against the page limit for the brief. No separate narrative facts section shall be permitted.

Likewise, a party opposing a Rule 56 Motion shall serve and file: 1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e) and 2) a supporting memorandum of law in strict compliance with E.D. Mich. LR 7.1. The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" stating which facts are admitted and which are contested. The paragraph numbering must correspond to moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence.[4] Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted. In similar form, the counter-statement may also include additional facts, disputed or undisputed, that require a denial of the motion.

Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, with the relevant passages highlighted and tabbed. Where unpublished

---

[4] Examples of non-movant's corresponding factual statements:

1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. (DE 34-7 at 12.)

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." (DE 34-9 at 14.)

opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

V. ORAL ARGUMENT ON MOTIONS. Parties who do not respond to motions in a timely fashion, and in conformance with the local rules and guidelines, may not be permitted to argue before the Court during oral argument.

VI. ADDITIONAL INFORMATION FOR PRO SE LITIGANTS.

    a. Neither party is allowed to engage in *ex parte* communication with Judge Patti or his staff. This means that every time the parties engage with Judge Patti or his staff, it must be done by filing documents in the ECF system or by submitting the documents to the Clerk's Office. <u>Judge Patti will not accept letters or other documents that have not either been filed in the ECF system or submitted to the Clerk's Office</u>.

    b. Along the same lines, parties should generally not call chambers, unless the other party is also on the line.

    c. Parties should ONLY come to Judge Patti's chambers when there is a scheduled event. You will receive notice of scheduled events in the ECF system or through regular mail. Judge Patti will not hold unscheduled meetings or conferences.

    d. No one in the courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney. If you need the assistance of an attorney, you must retain one on your own.

    e. You are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules throughout the litigation process. The rules, and additional help for *pro se* litigants, can be accessed online via https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe

    f. YOU MUST PROMPTLY INFORM THE COURT IN WRITING AS TO ANY CHANGE OF ADDRESS. FAILURE

>  TO DO SO MAY RESULT IN YOUR CASE BEING DISMISSED.

> g. <u>All parties, regardless of whether they are represented by counsel, are expected to abide by the rules and guidelines identified above. No one in the Courthouse can provide you with legal advice, including Judge Patti, his staff, Clerk's Office staff, or another party's attorney.</u> If you need the assistance of any attorney, you must retain one on your own. There is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact the Federal *Pro Se* Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

**IT IS SO ORDERED.**

Dated: June 1, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE