UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES KIRSCHKE,

      Plaintiff,

v.

CORIZON HEALTH, INC., *et al.*,

      Defendants.

_____/

Case No. 2:19-cv-13788
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL (ECF No. 219), DENYING WITHOUT
PREJUDICE THE MOTION TO APPOINT COUNSEL (ECF No. 220) AND
SETTING DISPOSITIVE MOTION DEADLINE FOR JULY 10, 2026**

The matter is before the Court following a series of letters filed by Plaintiff and responses filed by Defendants regarding their ongoing discovery efforts. (ECF Nos. 201, 204, 206, 208, 210, 211, 213, 214, 216, 218, 219.) Discovery closed on February 16, 2026, and the parties have made significant efforts to conclude any outstanding requests. The Court conducted a hearing on May 22, 2026, and for the reasons stated on the record **ORDERS** as follows:

(A) Plaintiff's motion to compel (ECF No. 219) is **DENIED PART AND GRANTED IN PART** as follows:

(1) It is **GRANTED IN PART** with respect to Defendant Piatkowski's responses to Interrogatory Nos. 6, 7, and she is **HEREBY DIRECTED** to

supplement those responses By **June 9, 2026,** to include whatever role she plays, generally, in drafting or preparing grievance responses.

(2)  The motion is **DENIED** in all other respects.

(a) With respect to Interrogatory No. 8 for Defendant Piatkowski, Interrogatory Nos. 12, 13, 14 for Defendant Nixon, the Court has reviewed the responses and finds them to be fully responsive to the Interrogatories.

(b)  With respect to Interrogatory No.10 for Defendant Piatkowski, Interrogatory Nos. 10 & 11 for Defendant Heering, Interrogatory No. 8 for Defendant Isaac, Interrogatory No. 6 for Defendant Copley, the Court **SUSTAINS** the objections and finds that Plaintiff's Interrogatories (which are in essence Requests to Admit), call for a legal conclusion and are further based on Plaintiff's interpretation and description of the law. The law is what it is, and Defendants' knowledge of the law is not relevant to the issues raised in this matter.

(3)  No further discovery issues exist in this case, **discovery is closed**, and no further discovery motions shall be entertained.

(B) Plaintiff's motion to appoint counsel (ECF No. 220) is **DENIED WITHOUT PREJUDICE** for the reasons set forth below and further explained on the record.

2

As noted on the record, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").  The appointment of counsel in a civil case, therefore, "is a privilege and not a right."  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."  *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981).  With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel.  . . .  The appointment of counsel in a civil proceeding is justified only by exceptional

circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1]  Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself.  *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

The Court has considered these factors on the record and finds that there are no "exceptional circumstances" to recruit counsel in this case.  It is too early to know if this case is going to trial on the merits.  If this case should proceed to trial, the Court can revisit whether to recruit counsel.  It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants.  The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 and Eighth Amendment

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

violations are common in prisoner or arrestee civil rights litigation.  *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex).  Finally, as explained on the record, despite Plaintiff's indigency, alleged health conditions, and lack of training in the law, Plaintiff has consistently displayed his ability to effectively advocate and litigate his claims in this case.  Indeed, Plaintiff has demonstrated his ability to file motions, logically explain his position, and point the Court to relevant facts in the record. Plaintiff has been successful on multiple issues he has presented to the Court.  As to his asserted mental health issues, the Court does not find that they rise to the level necessitating recruitment of counsel

Finally, **IT IS ORDERED** that the dispositive motion deadline is **RESCHEDULED** for **July 10, 2026**.

**IT IS SO ORDERED.** [2]

Dated:  May 26, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).